IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACKIE BREWINGTON,

Petitioner,

    vs.

JEFFREY WALTON, FRANK,
RANDALL PASS, and BAGWELL,

Respondents.                               Case No. 15-cv-00728-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Jackie Brewington, who is a federal inmate at the United States Penitentiary in Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 in order to obtain medical care at USP-Marion. Petitioner allegedly has several warts on his hands and feet. He would like them removed, but alleges that UPS-Marion officials have denied his requests. Petitioner claims that they have also ignored his grievances and retaliated against him for seeking medical care. Petitioner now sues USP-Marion's warden, medical director, administrator, and physician's assistant for violating his constitutional and federal statutory rights. He seeks injunctive relief, in the form of an order requiring the respondents to remove his warts and provide medical treatment for other unspecified conditions.

Although petitioner has paid his $5.00 filing fee for this habeas action, the Court cannot provide him with the relief he seeks. At the outset, this Court must

independently evaluate the substance of petitioner's claims to determine if the correct statute – in this case 28 U.S.C. § 2241 – is being invoked. *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). The federal habeas corpus statute cannot be used to challenge conditions of confinement or the denial of medical care. *See* 28 U.S.C. § 2241(c)(3); *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005); *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003); *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). To do so, a federal inmate must file a civil rights complaint pursuant to 28 U.S.C. § 1331. These actions are sometimes referred to as *Bivens* actions. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

While in the past, courts sometimes construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), the Seventh Circuit has more recently held that district courts should not do this. *Bunn*, 309 F.3d at 1007; *Moore v. Pemberton*, 110 F.3d 22,

24 (7th Cir. 1997). It would be particularly inappropriate to recast petitioner's action here, because he would face obstacles under the Prison Litigation Reform Act ("PLRA"). *See generally* 28 U.S.C. § 1915. Specifically, petitioner would be responsible for paying a much higher filing fee of $400.00. Furthermore, he might be assessed a "strike" if the Court determined that his action was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Therefore, the Court will not re-characterize the instant habeas petition as a complaint under the civil rights act.

**IT IS HEREBY ORDERED** that, for the reasons set forth above, the instant habeas petition is **DISMISSED without prejudice** to any other habeas corpus petition that petitioner may file *and* without prejudice to petitioner filing a separate civil rights complaint pursuant to 28 U.S.C. § 1331 to pursue his claims for the denial of medical care and/or retaliation. Should he choose to bring a separate action under 28 U.S.C. § 1331, petitioner will also be obligated to either pay a separate filing fee of $400.00[1] or file a motion for leave to proceed *in forma pauperis*. The **CLERK** is **DIRECTED** to provide petitioner with a standard civil rights complaint form and motion for leave to proceed *in forma pauperis*.

Petitioner's pending motion for status (Doc. 4) is hereby **DENIED** as **MOOT**.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted leave to proceed *in forma pauperis*, however, is exempt from paying the new $50.00 fee.

with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[2] appeal deadline. To appeal the dismissal of a Section 2241 petition, it is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 20th day of July 2015

Digitally signed by David R. Herndon
Date: 2015.07.20 16:12:19 -05'00'

**United States District Court**

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).